**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alexander Vonzell CLARK,
Defendant–Appellant.**

**No. 96–4965.**

United States Court of Appeals,
Fourth Circuit.

Submitted July 8, 1997.

Decided: Aug. 19, 1997.

Amended: July 30, 2014.

Tamura D. Coffey, Wilson & Iseman,
L.L.P., Winston–Salem, North Carolina,
for Appellant. Walter C. Holton, Jr.,
United States Attorney, Paul A. Weinman,
Assistant United States Attorney, Win-
ston–Salem, North Carolina, for Appellee.

Before HALL, WILKINS, and MOTZ,
Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

OPINION

PER CURIAM:

Alexander Clark was convicted upon his
guilty plea to one count of conspiring to
distribute cocaine and crack, 21 U.S.C.
§ 846 (1994), for which he was sentenced
to 210 months imprisonment. He appeals,
claiming that the district court clearly
erred in imposing a two-level enhancement
for obstruction of justice, U.S.S.G.
§ 3C1.1.[1] We affirm.

Clark was indicted in April 1996 along
with Andre Paul Gaston. Before his in-
dictment and while Clark was in state
custody awaiting trial on state drug
charges, he was approached by a represen-
tative of Gaston's attorney and asked to
sign an affidavit exonerating Gaston.
Clark signed the affidavit in which he stat-
ed that he (Clark) was solely responsible
for the drugs at issue and that Gaston "did
not know about the cocaine.... It be-
longed to me." The affidavit was never
used, however, and was apparently not
properly notarized under applicable state
law.[2] The affidavit was discovered by the
Government during pre-trial discovery.
At sentencing, the district court imposed a
two-level enhancement under U.S.S.G.
§ 3C1.1, finding that Clark had made "a
knowing false statement ... for the pur-
pose of influencing the action of a judicial
officer."

Clark claims that the district court erred
in imposing the enhancement because: (1)
he did not "willfully" obstruct justice; (2)
the affidavit was never actually used; (3)
the information was not "material;" (4) the
false information did not relate to Clark's
offense; (5) the affidavit was invalid under
North Carolina law; and (6) the adjust-
ment in these circumstances is "inherently
unfair and unjust" (Brief of Appellant, p.
22) because Gaston's attorney behaved in
an unethical manner in approaching Clark.

We review the district court's factual
findings for clear error. *See United States*

---

1. United States Sentencing Commission,
   *Guidelines Manual,* § 3C1.1 (Nov.1995).

2. The law clerk who witnessed Clark's signa-
   ture was not the notary who attested to the
   signature in the notary acknowledgment.

*v. Puckett,* 61 F.3d 1092, 1095 (4th Cir. 1995). The court's determination that particular conduct qualifies for the adjustment is reviewed de novo. *United States v. Saintil,* 910 F.2d 1231, 1232 (4th Cir.1990). Section 3C1.1 provides for a two-level increase if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. "A wide range of conduct falls within the parameters of this section." *See United States v. Hicks,* 948 F.2d 877, 883 (4th Cir.1991). The commentary to U.S.S.G. § 3C1.1 contains a non-exhaustive list of examples of the types of conduct covered by the guideline, including "providing materially false information to a judge or magistrate." U.S.S.G. § 3C1.1, comment. (n. 3(f)).

Clark first claims that he did not "willfully" obstruct or impede the investigation because, as he testified at his sentencing hearing, he did not know what Gaston knew or did not know and that he expressed concern to the law clerk about the affidavit's accuracy. The district court took into consideration Clark's testimony, the affidavit itself, the testimony of Gaston's attorney, and a tape recording of a conversation among Clark, Gaston, and another individual clearly showing Gaston's involvement in the conspiracy. The district court found Clark's testimony not credible and that finding is not subject to review. *See United States v. Saunders,* 886 F.2d 56 (4th Cir.1989).

Next, Clark contends that Application Note 3(f) does not apply because the affidavit was never actually used—i.e., it was never presented to a judge, magistrate, or the prosecutor handling Gaston's case. However, U.S.S.G. § 3C1.1 specifically includes attempts within its definition of obstruction of justice. At the time he signed the affidavit, Clark was told that it would be presented to the court the following day for the purpose of obtaining Gaston's release on bond. As the district court properly concluded, Clark signed the affidavit "with the intent of making a statement he knew was false at the time for the purpose of assisting his friend Mr. Gaston in getting out of jail."

Third, Clark claims that the information included in the affidavit was not "material" to the issue under determination because no judge or magistrate ever considered the affidavit, and because it was not relevant to Gaston's bond hearing. We have already concluded that Clark's execution of the affidavit constituted an attempt within the meaning of U.S.S.G. § 3C1.1. Further, the information in the affidavit concerned the criminal culpability of Clark's codefendant and was, therefore, clearly "material" to Gaston's criminal proceedings.

Clark's fourth claim is that the adjustment does not apply because the false information contained in the affidavit did not relate to Clark's crime, but to Gaston's. However, the adjustment may be applied where the defendant lied about another's involvement in the crime. *See United States v. Dyer,* 910 F.2d 530, 533 (8th Cir.1990) (upholding adjustment where defendant "freely admitted her own crimes on the witness stand" but lied about another's involvement).

Clark's fifth claim is based on his assertion that the affidavit was presumptively invalid under North Carolina law. However, he has provided no authority—and we are not aware of any—that would make the validity of the affidavit a prerequisite to finding that Clark attempted to obstruct justice.

Finally, Clark asserts that application of the enhancement is "inherently unfair and unjust" because Gaston's attorney behaved unethically in obtaining the affidavit. We

find this claim without merit. The attorney's behavior aside, Clark made a knowingly false statement that he believed would be presented in state court to obtain Gaston's release from jail.

Accordingly, we find that the district court did not clearly err in enhancing Clark's sentence under U.S.S.G. § 3C1.1. His sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*